Disney, J., dissenting: The majority adhere to the same conclusion reached when this case was here before, 7 T. 0. 890, despite what wa« said by the Circuit Court of Appeals in reversing that opinion, 166 Fed. (2d) 796. The majority appear to consider that the sole reason for reversal was the element of conclusion that judicial notice had been taken of the record in a previous case. Though that factor was, of course, present and perhaps the more immediate cause of reversal, as I read the opinion of the Circuit Court it gives us light upon this interesting question, which is not reflected in the opinion of the majority here. I have expressed my views in extenso in dissenting, al 7 T. C. 890, and it would profit nothing to repeat here what was then said. I merely refer to that dissent as still expressing my views and, I think, the law on this subject. In addition, however, it should be pointed out that in effect the present opinion of the majority is based, as shown in the syllabus, upon the idea that the petitioner failed to meet the burden of proof by not showing what part of trust income she could have been compelled to pay her husband and how much was not within her absolute control. In this the majority rely upon and quote from Stix v. Commissioner, 152 Fed. (2d) 562. What was there said is applicable, of course, if this case is in essence the same as that; but I do not think it is. As the Circuit Court said in reversing this matter: “To reach that result, the terms of the trusts must be reduced, at least, to the same nebulous character as those involved in Stix v. Commissioner * * In my view, not only were the trusts in the Stix case nebulous, but also, instead of offering parallel to the instant situation, they are the antithesis of the trust here involved; for in the Stix case the crucial and distinctive fact was that the petitioner was the “primary beneficiary” who in the absence of any action by anyone was entitled to the income, whereas here the petitioner was not a beneficiary, primary or otherwise, unless and until the trustee, by affirmative action and within discretion, distributed to herself, as between the three choices of distribution to her, distribution to her husband, or accumulation. In short, the Stix case presented a simple matter of a beneficiary entitled to everything, whereas here we have a totally different question. Shall we refuse to discern any difference between the status of a fiduciary and that of a beneficiary; for unless we so do wo can not here apply either the Stix case or any other case cited in the majority opinion. All have been carefully examined. The Jergens, Grant, Emery, Busch, Bunting, and Frank cases plainly involve mere beneficiaries. The Stuart case was only a matter of taxation of the grantor of the trust. None of these cases involved the present question: Whether we should follow the plain language of section 161 (a) (4) of the Internal Revenue Code providing expressly that income to be distributed or to be accumulated at the discretion of the trustee shall be taxed to the trust. Even the Stix case involved section 162 (b), and not section 161 (a) (4). The Mallinokrodt case was also, in substance, one involving a beneficiary, rather than a trustee, for the petitioner as individual beneficiary was to receive all but $10,000 of the income and after the death of his wife would receive all of it. His primary position as beneficiary, as against that of cotrustee, is emphasized by the first syllabus of the opinion, 146 Fed. (2d) 1, not only in that he is referred to as a beneficiary, but in that it is held that trust income to be distributed to him “only on request” was not, if undistributed, “income to be distributed currently” within section 162 (b). In short, as the court holds, the trustees could not distribute to the petitioner except upon his request. Certainly such request would come from him as an individual and only when in the words of the court “he elected to withdraw it by requesting that it be paid to him.” In addition, it is to be noted that he had testamentary power over the trust corpus — power also held by the petitioner in the Stix case. This is indeed sharp contrast to the situation of the petitioner in the instant case, who could never receive corpus, power over which resided solely in her husband. Likewise, in the Jergens, Stix, Busch, Emery, and Bunting cases the petitioners had power to take or dispose of the corpus, and in the Grant case the petitioner was said to have “in equity qualified ownership of the corpus.” Such persons, under the thought of such decisions as Blair v. Commissioner, 300 U. S. 5, and Helvering v. Horst, 311 U. S. 112, are easily seen to be subject to tax upon the income from the trust corpus, but to ascribe it to the petitioner here is altogether another matter. I have found no principle, either in logic or in precedent, which is basis for such conclusion. The majority here, in substance, disregard the difference between trustee and beneficiary. In no case prior to this one has that been done. I merely refer to the discussion of this matter, including reference to Carrier v. Carrier, 226 N. Y. 114, in my dissent to the former opinion. I can not believe that what the court said in the Stix case with reference to showing the part of income which trustees could have been compelled to pay to their sons, would have been said under the facts here before us. There is a clear distinction between the “power in trust for his sons to give them what in his discretion he might think proper,” which power in the Stix case, it is held, “limited absolute control over the income only in those extreme instances when the ‘primary beneficiary’ might be guilty” of gross and callous disregard of his sons’ necessities, and the fiduciary power of the petitioner here, where she was not possessed of “absolute control over the income” as individual beneficiary, but must from the beginning and in all things conduct herself as fiduciary. She had only the control of a trustee. The test, as to burden of proof, set in the Stix case is altogether inapplicable here. We are taking a long step farther than the Clifford case has so far been stretched, and from the original position of continuing to tax a grantor upon his income because he failed to insulate himself or free himself from practically unfettered command over it. The majority here, in my view,- invade the field of fiduciary relations and say that though bound by the law of trusts the fiduciary may be taxed upon income, not previously hers. Indeed they apply this idea not only to income of which she received only $42,800 as against $100,000 to her husband, but to a year when she received nothing at all, and to income which was accumulated. In my view, there was no unfettered command by the petitioner over this income, but she was fettered by principles of equity and trusteeship not only ancient in origin, but current in expression. Though the original concept of the Clifford case has been broadened, a fiduciary relationship has not heretofore been ignored. The case of Richardson v. Commissioner, 121 Fed. (2d) 1, seems to me to be the farthest step away from Clifford — yet there, though a trustee was found taxable upon the trust income, it was in essence upon the same principle as announced in the Clifford case, that is, that he had unfettered command because he was authorized to terminate the trusts and thereupon receive the corpus free from all trusts. In short, it was as if there was no trust and he was a beneficiary. Petitioner here had no semblance of such power. She could never receive corpus, and could not receive even all of the income, for neither stock dividends nor liquidating distributions could come to her and the corpus was completely beyond the ambit of her power. Finding that no. case involves or justifies the length to which we have here gone, and that equity and its principles fetters the petitioner, I would not hold her taxable upon the income here involved. I, therefore, dissent. AnuNDELL, VaN Foss AN, and Leech, JJ., agree with this dissent.